## SUPERIOR COURT OF BALTIMORE CITY.

Filed March 17, 1909.

### W. EASON WILLIAMS
VS.
TYSON WILLSON AND THE SAFE DEPOSIT AND TRUST COMPANY OF BALTIMORE, GARNISHEE.

*Thomas G. Hayes* and *J. Milton Lyell* for plaintiff.

*Whitelock & Fowler* for defendant and garnishee.

ELLIOTT, J.—

The attachment in this case has been issued at the instance of a creditor of the defendant, Tyson Willson, in order to secure a condemnation of what is alleged to be his share of the estates left by his grandfather, Richard Tyson, and his great grandfather, Isaac Tyson, Jr., as disposed of by their respective wills.

So far as controlling provisions are concerned, we may confine ourselves to the will of Richard W. Tyson, because by that will not only did he dispose of his own estate, but also of that portion of his father's estate which had been left to him for and during his life.

Reference to that will shows that both his own estate, and that portion of his father's estate, which he had the right to dispose of, were given to trustees for and during the left if his widow. And it being admitted that the income of those estates is not sufficient to pay the annual sum of $6,000 to said widow, it follows as a necessary conclusion, that no portion of those estates can come into the possession of the remaindermen until after the death of said widow, who is still living.

The question, therefore, rises as to what is the nature of the estate in remainder, and whether it is contingent or vested.

Richard W. Tyson, in his will disposing of his estate, provides with regard to the remainder after his widow's life-estate as follows: "And from and after her death, then to all my children and descendants then living, to be equally divided between them per stirpes, and not per capital," and as to the portion of his father's estate of which he had the right to dispose, he provides: "And from and after her death, will devise and bequeath the said amount so set apart as aforesaid unto all my children and their descendants then living to be equally divided between them per stirpes and not per capita."

It will thus be seen that none of the children or descendants of the said Robert W. Tyson, are to be entitled to the enjoyment of any portion of his estate or of the estate of his father, Isaac Tyson, Jr., until after the death of Richard W. Tyson's widow. This would not, of course, necessarily postpone the vesting of these estates, and we must look further in order to decide whether they are vested or contingent.

We do not have far to look, however, because it is specifically provided, that the children and descendants who are to take upon the death of Julia Mc-Henry Tyson are only those "then living," and these are to take per stirpes and not per capital.

It must be perfectly clear, therefore, that only those living at the death of Mrs. Tyson can take any interest under the wills above mentioned.

And there is another provision in Richard W. Tyson's will which leads to the same conclusion, and that is, where he is treating of the possible division of the share of his father's estate left in trust for himself for life, if there should be any over and above that necessary to assist in producing the income of $6,000 a year to his wife.

There he provides: "And if any of my children should die before arriving at the age of twenty-one years, if a son, or eighteen years, if a daughter, then the issue of such child shall have the share which such child would otherwise have received, or, in case there should be no such issue, then such share shall be equally divided and distributed among all my remaining children and their descendants per stirpes.

Surely no one can read this provision, especially taken in connection with those already quoted, without coming to the conclusion that the scheme of Richard W. Tyson's will was, that only his children or descendants who survived his widow should take.

It was not a case of vesting and then divesting by the happening of a certain event, but a case of no vesting until a certain event, and then only in those who survived the event.

I am unable, therefore, to come to any other conclusion than that the interest which Tyson Willson took in the estates of Isaac Tyson, Jr., and Richard W. Tyson is a contingent remainder conditioned upon his surviving his grandmother, Julia McHenry Tyson, and answering at that time the description provided in the will of his grandfather of being "then living."

It follows from what we have said above, that should Tyson Willson die before his grandmother, the share which he would have taken if he had survived her, would go to his descendants, if he had any, and if not, would go over to the other children of Annie W. Willson or their descendants.

Such being the case, it is clear that the interest of Tyson Willson cannot be made the subject of an attachment, or liable to execution during the life of his grandmother, and the attachment in this case must be quashed.